JOHN M. SENNETT, APPELLEE, V. JAMES M. MELVILLE
ET AL., APPELLANTS.

FILED MAY 17, 1906. No. 14,309.

Contracts: EVIDENCE. To establish as a contract a proposition made by letter, proof of its acceptance is necessary.

APPEAL from the district court for Custer county: BRUNO O. HOSTETLER, JUDGE. *Reversed.*

*J. S. Kirkpatrick* and *G. E. Hager,* for appellants.

*H. M. Sullivan, contra.*

EPPERSON, C.

Plaintiff instituted this suit in the district court for Custer county to require the specific performance of an alleged contract for the sale to him of 80 acres of land. The contract relied upon was made by correspondence transmitted through the mail between defendant and plaintiff. The first letter admitted in evidence bears date March 13, 1902, was written to plaintiff's agent and had defendant Melville's name signed thereto. The body of the letter is as follows: "Your favor of Mch. 11th received, contents noted. Will send deed and abstract as soon as I can get abstract from Broken Bow, Nebr." There is no evidence as to the contents of the letter to Melville of date March 11, to which the above purports to be an answer. The initial letter of this correspondence was written by plaintiff to Melville, and is shown by secondary evidence to have contained a proposal to pay $500 for the land in controversy, a part in cash, and a part at some future time secured by mortgage. The proposition therein made was not accepted, nor did the plaintiff rely upon the same as the basis of this action. In answer to this first letter defendant refused the proposition therein made, and submitted another proposition or made some answer as to the nature of which no evidence was given. Following the letter quoted, we find the following letter by defendant to plaintiff's agent, F. D. Brown:

"Sterling, Neb., Mch. 25, 1902. F. D. Brown, cashier, Miller, Neb. Dear sir: I inclose you herewith deed and abstract for the N. half, S. W. ¼ sec. 22-13-18. * * * When Mr. Sennett pays you $500, plus exchange, kindly deliver these papers to him, and send me draft for $500 at Sterling, Neb. Yours very truly, J. H. Melville."

Secondary evidence was given showing that plaintiff

returned the abstract, with a letter calling defendant's attention to what he supposed was a cloud upon the title and requested him to procure a quitclaim deed from one Popple to cure the defect. On April 2, 1902, defendant wrote the following to plaintiff's agent:

"Sterling, Neb., Apr. 2, 1902. S. D. Brown, Esq. Miller, Neb. Dear sir: Replying to your favor of Mch. 31, I have given the matter to my attorney, who will have everything fixed up as soon as possible. Yours very truly, J. H. Melville."

August 29, 1902, defendant wrote again to the agent saying that Popple would not give a quitclaim deed, and contended that the same was unnecessary, concluding his letter as follows: "If Mr Sennett thinks the title not good you had better return the deed to me, but if he wants to take it as it is we will return you the abstract so the deal can be closed at once."

Defendant contends that the secondary evidence above referred to was erroneously admitted. We cannot see that it is prejudicial, and therefore refrain from discussing that question. Such evidence as to plaintiff's answer to the letter of March 25, 1902, was sufficient proof that the proposition therein contained was not then accepted. This was not prejudicial to him.

It is also contended that the letters above quoted or referred to were not sufficiently identified to permit their admission in evidence. The proof showed that defendant resided at Sterling when the correspondence began; that the letters admitted were received in answer to letters written to him by plaintiff's agent. The letters purport to have been written at Sterling, but the evidence does not show that they were posted in Sterling, nor that the letters they purport to answer were addressed to Sterling. There was no testimony given that the letters were in the handwriting of defendant, nor that he either wrote, dictated or authorized the same. The admission of such evidence was objected to by the defendant, and it may be questioned under the rule in *Gartrell v. Stafford,* 12 Neb. 545, whether

it was competent, but, even if considered as competent evidence, still there is a failure of proof. The proof fails to show that plaintiff ever accepted the proposition made in the letter of March 25, 1902, or in the letter of August 29, 1902. No tender of the purchase price was made, but the agent to whom the deed was forwarded retained it, even though the defendant several times demanded its return. Plaintiff did have a fund on deposit, subject to his check, in the First Bank of Miller, of which his agent Brown was cashier. The bank had agreed to loan him the amount needed to consummate the purchase of the land, but he never complied with the conditions necessary to entitle him to the possession of the deed, nor is there proof that he ever indicated his intention to purchase under the proposition made in defendant's letters.

In his petition plaintiff alleged that he accepted the proposition made in the letter of August 29. No evidence was offered in support of this allegation, which was denied by the answer. On account of the absence of evidence as to the contents of the letters written by plaintiff, these allegations of the petition and the judgment of the trial court are not supported by sufficient evidence to show the acceptance of defendant's offer to sell. It is a well-established rule that a proposition to sell real estate made by letter may be enforced, if accepted. Proof of the acceptance is as essential as proof of the proposition. *Melick v. Kelley*, 53 Neb. 509. And at any time before its acceptance, no time being fixed, the proposition may be withdrawn.

Plaintiff contends that by delivery of the deed to his agent Brown the title vested in plaintiff. This is somewhat inconsistent with the petition, wherein plaintiff prays for specific performance of the contract, which by this contention he claims has been fully performed. It is true that Brown was plaintiff's agent for the purpose of corresponding with the defendant, but the defendant, by entrusting to Brown the deed in controversy with the request that he deliver the same to the plaintiff upon the payment of the purchase price, thereby made Brown his agent for that

purpose, and Brown had no authority to deliver the deed to the plaintiff until the proposition was accepted and the purchase price in his hands with authority to pay the same to the defendant.

The judgment of the trial court in favor of the plaintiff is not supported by the evidence, and we recommend that it be reversed and the cause remanded for a new trial.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause is remanded for a new trial.

REVERSED.