JOHN M. SENNETT, APPELLANT, V. JAMES H. MELVILLE ET
AL., APPELLEES.

FILED OCTOBER 9, 1909. No. 16,175.

1. **Vendor and Purchaser: OFFER: ACCEPTANCE.** A written offer to sell
real estate does not become a binding contract until the vendee
accepts the tender according to its terms; nor will an offer to pur-
chase real property bind the owner of the land involved, unless
he unconditionally accepts the bid.

2. **Specific Performance: DISCRETION OF COURT.** "Courts of equity will
not always enforce a specific performance of a contract. Such
applications are addressed to the sound legal discretion of the
court, and the court will be governed to a great extent, by the
facts and merits of each case." *Morgan v. Hardy*, 16 Neb. 427.

APPEAL from the district court for Custer county:
BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*Sullivan & Squires,* for appellant.

*Silas A. Holcomb* and *Kirkpatrick & Schwind, contra.*

ROOT, J.

This is a second appeal of this case. Our first opinion
may be found in 76 Neb. 690. Upon a second trial some
additional evidence was adduced and a judgment entered
for defendants. Plaintiff appeals.

The action is for a specific performance of an alleged
contract for the sale of real estate. A consideration of
the evidence sustains the trial court in finding that the
parties did not make a contract prior to March 25, 1902.
EPPERSON, C., held that the plaintiff did not accept Mel-
ville's offers contained in the letters of March 25 and Au-
gust 29, 1902. The letters written by plaintiff's agent,
Brown, are now before us. The first offer authorized
Brown to deliver the deed and an abstract for the land to
plaintiff upon payment of $500 plus exchange. This offer
was not accepted, but the title as evidenced by Melville's

17

abstract was criticised by Brown, and suggestions were made by him to said defendant that an attorney should be employed to remedy the defects. August 29 Melville wrote to Brown that an attorney had advised the writer that his title to said land was good, and that, "If Mr. Sennett thinks the title not good, you had better return the deed to me, but if he wants to take it as it is, we will return you the abstract so the deal can be closed up at once." September 2 Brown replied to defendant's last communication: "I think if you will send the abstract, and with this letter you have written me, that Mr. Sennett will accept the deed if you will return it at once. I think Mr. Sennett will be in the last of this week." It seems clear that to this point the minds of the litigants had not met with a common intention. Melville was only offering to sell without further perfecting title, and plaintiff, through his agent, merely indicated a probability that the offer might be accepted. Melville testified that thereafter, and prior to September 27, he wrote Brown to return the deed. On the last named date Melville wrote to Brown a letter containing this statement: "Some time ago I wrote you to return me the deed you held for me. You have not done so, but write me that Mr. Sennett will close the deal as it stands. He should have done this last spring, not stand me off until now. I have been to quite an expense and trouble in looking up the title and in the meantime land has advanced in price and I cannot afford to close the deal at this date for the price agreed upon last spring. But if Mr. Sennett wants the land for $600, return the deed to me and I will close up at once. If he does not want it, return the deed at once." Brown received the letter, and subsequently wrote Melville, claiming that Sennett was entitled to the land for $500. Melville denied the assertion. Brown does not unequivocally deny that intermediate September 2 and September 27 he received a letter from Melville demanding a return of the deed. If such a letter was sent and received, the offer to sell was withdrawn prior to September 27. In any event, Melville

withdrew from the negotiations on the last named date, and prior thereto plaintiff had not absolutely accepted the terms proposed by said defendant for a sale and transfer of the title to said land. Brown's conduct, independent of his letters, indicates that Sennett had not accepted Melville's offer, and that Brown, as such agent, had not done so prior to September 27. If the offer had been accepted, it would have been incumbent on Sennett to have remitted to Melville, or at least to have deposited for his benefit with Brown the $500. This was never done. Sennett had an open account for about $500 in the bank wherein Brown was cashier. No part of this money was ever set apart for Melville's benefit, nor was a check drawn thereon for him. The district court, upon the record in this case and in the exercise of a sound legal discretion, was justified in refusing to decree a specific performance of the alleged contract. *Morgan v. Hardy,* 16 Neb. 427; *Lopeman v. Colburn,* 82 Neb. 641.

It is argued that Brown was plaintiff's agent, and that the deed was delivered at the time the former became custodian of that instrument. Brown, although Sennett's agent, was also Melville's representative for the purpose of holding the deed until plaintiff complied with the conditions by him to be performed. *Sennett v. Melville,* 76 Neb. 690. Until Sennett assented to the conditions, mere possession of the deed by Brown could in no manner prejudice Melville, nor perfect that instrument by delivery.

The judgment of the district court is

AFFIRMED.