## HOSEA B. MAYNARD *versus* MOSES TABOR.

A written offer to sell land for cash can never be accepted so as to create a legal obligation to sell on the part of the owner, unless the acceptance is accompanied by a tender of the price.

In reply to a letter from the plaintiff inquiring the lowest cash price of a lot of land owned by the defendant, the latter wrote the former, "having fixed a price on my lot, agreeably to promise, I inform thee that I put it at $3000 cash;" to which the plaintiff rejoined by letter that he would take the land at the price named, and that the defendant might send the deed to his agent to whom he would pay the money and receive the deed. To this the defendant replied, "I have withdrawn my lot from sale;"— *Held,* that the plaintiff's letter agreeing to take the land at the price named, unaccompanied

Maynard *v.* Tabor.

by tender of the price, was not an acceptance of the defendant's proposition to sell, but a new proposition containing conditions different from those implied in defendant's offer; and that, until a tender was made, the defendant might withdraw his offer without breach of contract.

ON AGREED STATEMENT.

The defendant, a resident of Ohio, was the owner of a tract of timber land situated in Vassalboro', in Kennebec county, which plaintiff, a resident of Maine, desired to purchase, and, on the 25th day of September, 1864, addressed defendant a letter requesting his lowest cash price for said lot, as he was desirous of purchasing the same. On the 2d of October the defendant addressed to plaintiff a letter that he was not then ready to give his lowest terms, but had employed his agent, I. C. Gifford, and one Hiram Pishon, to examine it and make an estimate of the growth, and suggested that plaintiff examine with them; that, as soon as he heard from them, he would write the plaintiff a definite answer. On the 15th of October, plaintiff again wrote to defendant that he had examined the land and requested an early answer as to price, to which the defendant replied that he would give a decisive answer in a few days, as he had arranged for an examination and appraisal of the lot by a man of as large experience and sound judgment in lumbering business as any other man in Maine, and that, on hearing of the result, he would write immediately. On the 19th of October, defendant wrote this letter to plaintiff: — " Having fixed a price on my lot of land in Vassalboro', agreeably to promise, I may inform thee that I put it at $3000 cash." On the 26th of same October, plaintiff wrote to the defendant that he would take his lot of land at the price named, and that he might send the deed to H. Pishon, as soon as possible, and the money should be ready on receipt of the same. On the 31st of October, 1864, the defendant wrote and sent plaintiff the following: — " Thine of 26th inst. is received, and in answer say that I have withdrawn my property in Vassalboro' from sale." The plaintiff claimed that he examined the land according to request of defendant,

procured the money to pay for it at a good deal of expense and was put to great trouble about it and could have sold the same at a large advance.

*S. Heath*, for the plaintiff, contended, —

That the proceedings disclose a contract of sale, and the three elements necessary for its completeness are proved, viz., the object, price, and the consent of the contracting parties. Pothier on Cont. of Sale, Part 1, § 2.

Should the plaintiff tender the money before action brought? Where? Place not found in the terms of the contract. The property located near the plaintiff. To be paid for only upon delivery of the deed or simultaneously therewith. If the place mentioned was not acceptable to defendant, he should have objected and not repudiated his contract. The law is with plaintiff as to the place. Poth., 30. It would be unreasonable to require plaintiff to go to Ohio when such was not in the offer. Plaintiff need not deposit price at place where land is situated. By repudiating contract, defendant waived tender of price. If instead of withdrawing his land, the defendant had sold to strangers, plaintiff would have right of action without any offer of the price. *Newcomb* v. *Brackett*, 16 Mass., 161. Offer of money unnecessary. *Wheelden* v. *Lowell*, 50 Maine, p. 505, paragraph 2.

WALTON, J. — This is an action of assumpsit to recover damages for an alleged breach of contract. The plaintiff says that the defendant agreed to sell him a certain lot of land for $3000, and then refused to fulfil his agreement.

The case shows that the plaintiff wrote to the defendant inquiring the price of the land, and that the defendant answered that his price was $3000 cash. If such an answer can be fairly construed into a proposition to sell the land for that price, it was a proposition which could be accepted only by an actual tender of the price. An offer to sell for cash can never be accepted so as to create a legal obligation

---

on the part of the owner to sell, unless the acceptance is accompanied by a tender of the price. Until this is done the owner may withdraw his offer without rendering himself liable for a breach of contract.

In this case the plaintiff wrote the defendant that he would take the land at the price named, but he never tendered the money. He informed the defendant that he might send a deed of the land to a person named and the money should be ready for him, but this was not an acceptance of the defendant's offer. It was a new proposition containing conditions different from those implied in the defendant's offer.

The defendant's offer not being accepted, he had a legal right to withdraw it, and in so doing was not guilty of any breach of contract, for no contract had in fact been concluded between the parties.          *Judgment for defendant.*

APPLETON, C. J., KENT, DICKERSON, BARROWS and DANFORTH, JJ., concurred.