JOHN G. HINISH v. MARY B. OLIVER *et al.*

No. 12,944. (71 Pac. 520.)

SYLLABUS BY THE COURT.

CONVEYANCE— *Contract of Sale Construed.* In the absence of an agreement to the contrary, it is presumed that the vendor of real estate is to receive payment at his place of residence, and where the purchaser requires the delivery of deed thereto, upon payment made, at a place other than the residence, the vendor may attach further conditions to the delivery of such deed.

Error from Marion district court; O. L. Moore, judge.   Opinion filed February 7, 1903.   Affirmed.

*H. S. Martin*, for plaintiff in error.
*Wheeler & Switzer*, for defendants in error.

The opinion of the court was delivered by

Cunningham, J.:   This was an action to compel specific performance of a contract for the conveyance of real estate.   The contract rested in letters exchanged between the parties, the essential parts of which are as follows:

"Eureka, Kan., Jan'y 1, 1901.
"*G. F. Oliver, New Philadelphia, Ohio:*

"Dear Sir—My partner, John C. Hinish, I think, will give $3200, for the farm with the improvements, $700 cash, and $2500 on 7 years' time at 6 per cent. interest annually.                Very truly,
                                        Frank Dibert."

Mr. Oliver replied as follows:

"New Philadelphia, Ohio, Jan'y 15, 1901.
"*Frank Dibert, Eureka, Kan.:*

"Dear Sir—We will sell for $3285 with improvements, $785 cash, $590 per year for five years, net, at 6 per cent. annual interest on all notes; this offer only good for fifteen days from date.   Tell your partner.
.   .   .          Very truly,        G. F. Oliver.

To which Dibert answered:

"Eureka, Kan., Jan'y 19, 1901.
"*Rev. G. F. Oliver, New Philadelphia, Ohio:*

"Dear Sir—Yours of the 15th rec'd.   Mr. Hinish is not an eager customer and does not feel justified in raising the proposition made through me.   He could not do more or other than I wrote you.   .   .   .
          Very truly yours,     Frank  Dibert."

In reply Oliver wrote :

"NEW PHILADELPHIA, OHIO, Jan'y 31, 1901.
"DEAR SIR—Sam Howe, of Florence, writes and insists that section 33–21–5 should and will bring $4000. Have your partner write me, stating his best proposition and whether he will give mortgage security with guarantee payment for balance.    $3285, with improvements, is surely a bargain figure.   I hope we can deal, and I think we can.
Yours,     G. F. OLIVER."

On February 4, 1901, Dibert answered as follows :

"EUREKA, KAN., Feb'y 4, 1901.
"G. F. Oliver, New Philadelphia, Ohio:
"DEAR SIR—Mr. Hinish will not change his offer of $3200 on the terms he has heretofore proposed, viz. : $700 cash, $2500 on seven years' time with six per cent. annual interest, you to pay for abstract.
Very truly,     FRANK DIBERT."

Oliver's answer was as follows :

"NEW PHILADELPHIA, OHIO, Feb'y 6, 1901.
"Frank Dibert, Esq., Eureka, Kan.:
"DEAR SIR—Yours received.  The terms of the bond and mortgage are satisfactory, but must remind you that the improvements in my possession do not. include the shanty of a house built on the premises, which Goad writes is neither for sale or lease.   I presume you know this, as I think the matter was referred to in our correspondence.   As to all the other improvements, I have settled satisfactorily with Mr. Goad and have his receipt for the same.   As the abstract of 33, 21, 5, must be made out in any case, will you please order such abstract or at least some certified examination of records as will prove satisfactory to any purchaser and at best possible price for accurate work, deposit with bank which you will name, and charge to me.   I want no misunderstanding, and name the lodging because it is no part of our possession.   There will be no snarl as to the lease.   There

is no lease on any construction, and on any construction of Goad the lease is subject to sale and notification.　　　Very truly,　　　G. F. OLIVER.''

This letter was answered by Dibert as follows :

"EUREKA, KAN., Feb'y 9, 1901.
"*G. F. Oliver, New Philadelphia, Ohio:*

"DEAR SIR—Please forward deed, etc., for sec. 33 to First National Bank of Eureka, Kansas, with instructions to deliver deed when money has been paid and papers executed by Mr. Hinish as agreed.
　　　Very truly,　　　FRANK DIBERT.''

The petition, after setting up these letters, alleged that Oliver executed a deed for the land and sent the same to the First National Bank of Eureka, Kansas, with instructions not to deliver the same unless other and different notes and mortgage were made than those indicated in the foregoing correspondence.　A demurrer to this petition was sustained.　Does it show a contract for a sale of the property ?　In other words, is a complete meeting of the minds of the parties evidenced by the allegations of the petition ?

It is claimed that the last letter, dated February 9, was a full acceptance of the terms embodied in the preceding several offers.　It will be noted, however, that this letter contains a requirement that the deed be forwarded to the Eureka bank, to be delivered upon payment made there.　This is a new condition.　The presumptions are, in the absence of stipulations to the contrary, that the seller is to receive payment at his place of residence.　(*Greenawalt v. Este,* 40 Kan. 418, 10 Pac. 803.)　So, when by this letter delivery of the deed upon payment at the bank at Eureka was required, a new element was introduced into the contract.　This surely might be met with other conditions on the part of the vendor, and it seems, by the allega-

tions of the petition, that it was. These last conditions were never accepted by the purchaser; therefore, the minds of these parties never met upon all the details and conditions of this sale, and, hence, there was no sale, and the demurrer was properly sustained.

The judgment will be affirmed.

All the Justices concurring.