No. 22,883.

F. M. WALLACE, *Appellant*, v. HELEN J. C. BOGIGIAN and HAGOP BOGIGIAN, *Appellees*.

SYLLABUS BY THE COURT.

CONTRACT—*Sale of Land—No Completed Contract.* In a letter sent by a prospective purchaser to the owner of real property an inquiry was made concerning the price asked for it; the writer of the letter afterward sent a telegram in which he offered $4,250 for the property. The owner answered by telegram stating that he would accept $4,350. A telegram was sent accepting the proposition of the owner, and instructing him to make a deed in blank and send it and the abstract to a bank in Garden City with directions to deliver on payment of the money. A deed, executed in blank and forwarded to the bank in Garden City, contained a reservation of all mineral and oil rights. The prospective purchaser refused to accept the deed with that reservation. *Held*, that there was no contract for the purchase and sale of the real property.

Appeal from Gray district court; LITTLETON M. DAY, judge. Opinion filed January 8, 1921. Affirmed.

*H. O. Trinkle*, of Garden City, for the appellant.

*William Easton Hutchison*, and *C. R. Hope*, both of Garden City, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff commenced this action to compel the specific performance of a contract which he claimed he had made with Helen J. C. Bogigian for the purchase of real property. Judgment was rendered in favor of the defendants, and the plaintiff appeals.

Defendant Hagop Bogigian was the husband of Helen J. C. Bogigian, who lived in Massachusetts, and owned land in Gray county, Kansas. On May 10, 1917, the plaintiff wrote her as follows:

"Write to ask your price on E ½ 6-25-30 Gray county just northeast of here 3 miles. Am buying some land and if your land is for sale would be pleased to hear from you."

On May 18 following, apparently before the letter was answered, the plaintiff wired Mrs. Bogigian, "Give forty two·

Wallace v. Bogigian.

hundred and fifty for land cash answer." She wired the following answer: "Make your offer forty-three hundred and fifty dollars cash and I will accept it answer." The plaintiff on May 19 sent Mrs. Bogigian a telegram in the following language:

"Will take land send deed and abstract to First National Bank, Garden City, Kansas, make deed in blank consideration one dollar with instructions to collect forty-three hundred and fifty dollars net to you."

Mrs. Bogigian then signed a deed, blank as to grantee, reciting a consideration of one dollar, and containing the following language:

"The party of the first part reserves all mineral and oil rights if discovered within fifteen years of the date hereof."

That deed, acknowledged by Mrs. Bogigian on May 24, 1917, but not by her husband, was sent to the First National Bank of Garden City with instructions to turn it over to the plaintiff on payment of $4,350 cash. On June 12, 1917, a like deed, containing the same reservation concerning mineral and oil rights, was signed by Mrs. Bogigian and her husband and was acknowledged by both of them. The second deed was sent to the bank with like instructions, to take the place of the first one. The plaintiff refused to accept the deed because it contained the reservation concerning mineral and oil rights.

There was other correspondence between the parties, but it is not material. The correspondence set out discloses an inquiry concerning the land and an offer of $4,250 cash for it; a counter proposition made by the owner that she would accept $4,350, and an acceptance of that counter proposition containing four additional stipulations, among which was one that the deed be sent to the First National Bank of Garden City with instructions to collect the $4,350. The additional conditions were met by one from the landowner reserving the mineral and oil rights in the land. That was never accepted by the plaintiff. It thus appears that the minds of the plaintiff and of Mrs. Bogigian never met upon the terms of the contract. Each made counter propositions when he accepted the terms of the other. The trial court found "that there was no valid contract made." Under *Greenawalt v. Este*, 40 Kan. 418, 19 Pac. 346; *Hinish v. Oliver*, 66 Kan. 282, 71 Pac. 520, and *Trust Co. v. Hardesty*, 68 Kan. 683, 75 Pac. 1115, that finding of the trial

court must be upheld. In these cases it was decided that in the absence of any stipulation, the price to be paid for land is payable at the office of the vendors or their agents, or to them personally.

It is not necessary to discuss the other conditions imposed by the plaintiff in his telegram of acceptance for the reason that the cases cited compel an affirmance of the judgment.

The judgment is affirmed.