No. 23,331.

COLORADO INVESTMENT COMPANY and J. W. WAMBERG, Manager, *Appellees*, v. ELLA P. GRIMES, *Appellant*.

SYLLABUS BY THE COURT.

SPECIFIC PERFORMANCE—*Sale of Real Estate—No Contract Proven*. Letters and a telegram relating to a sale of real estate examined, and *held*, no contract of sale was consummated.

Appeal from Greeley district court; ALBERT S. FOULKS, judge. Opinion filed July 9, 1921. Reversed.

*W. M. Glenn*, of Tribune, for the appellant.

*Clement L. Wilson*, of Tribune, and *W. C. Dickey*, of Leoti, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one for specific performance of a contract to convey real estate. A demurrer to the petition was overruled, and the defendant appeals.

On October 17 the plaintiffs wrote a letter which the defendant received, inquiring if the land were for sale, and asking for price and terms. On November 7 the defendant,

who was living at the Hotel Rothwell, Atlantic City, N. J., responded by saying she had been offered $1,350 for the land, asking if the plaintiffs would like to give $1,400 for it, and stating she would sell on time, one-third or one-half cash, and the balance secured by first mortgage bearing six per cent interest, running from one to five years. On November 10 the plaintiffs sent the defendant the following telegram: "Will buy your land fourteen hundred letter follows." The letter reads:

"We are in receipt of your card of the 7th, and have wired you that we will buy the land, being the above described.

"We will accept the same on your terms of one-third cash, and the balance first mortgage on the land to run five years with interest at the rate of six per cent. Please send the abstract to us with authority to have the same brought down to date, and send your deed to the First State Bank, Tribune, Kan., for the collection of the one-third and the proper execution of the mortgage, and also authorize them to take out whatever revenue stamps it takes. Have the deed read one dollar and other valuable consideration, and make same in favor of J. W. Wamberg."

On November 14 the defendant wrote the plaintiffs as follows:

"I can't get at the abstract to send to you for a few days. My papers are not with me. I have been here only a short time, and can't take things with me, but inside of a week I think you will have them. I will write to bank to notify you when they arrive."

The contract, if any, is to be found in this correspondence.

The plaintiffs say the action is founded on acceptance of the offer contained in the defendant's card of November 7. The telegram of acceptance was qualified by letter, and the letter imposed new terms, which converted it into an offer. (*Wallace v. Bogigian,* 108 Kan. 216, 194 Pac. 632, and cases cited in the opinion.) The defendant's letter of November 14, whether artlessly or artfully written, committed her to nothing, and did not constitute an acceptance of the plaintiff's offer. The result is no contract was concluded.

The judgment of the district court is reversed, and the cause is remanded with direction to sustain the demurrer to the petition.