Buddy D. HENDERSON, Appellant,

v.

John F. NITSCHKE, Appellee.

No. 4461.

Court of Civil Appeals of Texas,
Eastland.

July 23, 1971.

Rehearing Denied Aug. 20, 1971.

Fillmore, Lambert, Farabee & Purtle,
Wichita Falls, for appellant.

Nelson, Sherrod, Carter & Oldham,
Wichita Falls, for appellee.

McCLOUD, Chief Justice.

Under the terms of a lease Chevron Oil Company, lessee, was given the "prior right, to be exercised by it or by its nominee, to buy the * * * leased premises." Paragraph 10 of the lease further provided, "If Lessor receives from a third party an acceptable bona fide offer to buy such property, Lessor shall forthwith give Lessee written notice thereof together with a copy of such offer. Lessee or its nominee shall have sixty (60) days from the receipt of such notice and offer to buy such property at the terms of such offer relating to such property * * * If Lessee or its nominee fails to exercise this option and Lessor sells such property to a third person, such sale shall be made subject to the terms and provisions of this lease * * *"

It was stipulated in the trial court by and between the parties that the property in question at the time of trial was owned by the Nitschke Trust; that Cora B. Smith, Trustee of Nitschke Trust, would be substituted for defendant, John F. Nitschke; that John F. Nitschke was acting as agent for the Trust; and, that any order, judgment or decree of the court would be binding upon John F. Nitschke and Cora B. Smith, Trustee of the Nitschke Trust, in her fiduciary capacity. Chevron Oil Company appointed Buddy D. Henderson as its nominee to exercise the rights granted in paragraph 10 of the lease.

Henderson, as nominee of the lessee, Chevron, filed suit seeking an order of specific performance requiring lessor, Nitschke Trust, to convey the premises to Henderson. Lessor denied that Henderson was entitled to the relief sought. Both parties filed motions for summary judgment. The motion of lessor, Nitschke Trust, was granted. Henderson has appealed.

The determination of the rights of the parties requires an interpretation of paragraph 10 of the lease. The rights of the appellant, Henderson, are derived as nominee of the lessee, Chevron.

On August 22, 1969, lessor entered into a written contract to sell the property in question to Gene Penrod. By letter dated December 29, 1969, lessee, Chevron, received written notice from lessor of the proposed sale to Penrod. The letter stated: "In conformity with Paragraph 10 of the lease on subject property dated July 20, 1959, enclosed herewith you will find a copy of the sales contract between Gene Penrod and the writer. We will appreciate your advising us at your earliest possible convenience if it is your desire to exercise your right expressed in Paragraph No. 10." On January 28, 1970, lessor wrote a letter to lessee advising it that the offer of sale was revoked. The letter stated: "This is to advise you that Gene Penrod has revoked his contract to purchase the subject tract of land. I hereby revoke my letter of December 29, 1969, in regard to the sale of the same tract of land to your company." Thereafter, on February 9, 1970, Chevron notified lessor by letter of its election to nominate appellant, Henderson, "to exercise the prior right option contained in said lease." Within 60 days from December 29, 1969, the date lessor notified lessee of the proposed sale to the third party, Henderson notified lessor that he desired to exercise his right to purchase under paragraph 10 and requested lessor to proceed with the sale under the terms of the lease. Lessor refused to convey the premises to appellant and contends that the offer to sell was not accepted prior to being withdrawn. Appellant Henderson, as nominee of the lessee, Chevron, contends that he had an option for 60 days in which to purchase after notification by lessor of lessor's acceptable bona fide offer from Penrod and that he exercised his option within the 60 day period.

Appellee, lessor, contends that we are not concerned with an option contract; that the right of lessee to purchase is a mere right of refusal which cannot be called an option; that such first right of refusal as contained in paragraph 10 of the lease is only an agreement to make an agreement in the event the lessor owner

sells the property; and, at the time of appellant's alleged acceptance there was no pending sale, therefore, appellant had no right of refusal as the conditions under which such right arose were not in existence. Appellee further says that had lessee paid a separate and independent consideration for the option to purchase at the price and on the terms as contained in the offer of the third party, or if lessee had accepted the offer before its withdrawal, then in either of such events, lessee would have an enforceable contract. However, failing in both of these respects, appellant has no right of specific performance.

■ Appellant argues that lessor clearly formed an intent to sell the property and determined with the third party, Penrod, all of the terms of the sale. In accordance with the provisions of paragraph 10 lessor gave lessee written notice of the proposed sale to the third party, and at that point, the first right of refusal matured into an option which was supported by consideration and was irrevocable by the terms of the lease for 60 days. We agree.

In 51C C.J.S. Landlord and Tenant § 88(5), p. 271, we find the following comment concerning some of the general rules involved:

"Under an agreement whereby the lessee is given a first privilege or right to purchase, or right of first refusal, the lessor reserves the right of retaining the property and not selling to anyone, so that the lessee's privilege of purchasing depends on the lessor's election to sell. In other words, under such provisions, the lessee is not given an absolute right to purchase, but merely an option conditioned on the landlord's willingness to sell or the landlord's offering of the premises for sale to others. So under a lease provision for a first option to purchase the premises at such price as might be agreed on between the lessor and any bona fide purchaser, prior to the making of an actual agreement as to price between the lessor and a prospective purchaser, the lessee has no accrued right of purchase, but only a promise thereof which for fruition is wholly dependent on a future event which might never occur.

The owner, although obligated first to offer the leased property for sale to the lessee is under no obligation to keep the offer open for any length of time, but may withdraw the offer at any time provided it has not been unconditionally accepted; but after such withdrawal, the owner is required to give the lessee the same opportunity to buy should the owner again decide to sell during the lease term."

Lessor cites the last paragraph quoted above as authority that the offer could be withdrawn at any time before acceptance. Anderson v. Stewart, 149 Neb. 660, 32 N.W. 2d 140 (1948) is cited by the author of the C.J.S. comment for the conclusion reached. In examining the decision we find that the case is clearly distinguishable from the instant case. In Anderson v. Stewart, supra, the provision of the lease being construed merely provided: "Lease subject to sale with the option to parties of the second part to purchase same." In deciding that there had not been an unconditional acceptance of the offer before it was withdrawn the court said: "This offer she was under no obligation to keep open for any definite length of time but could withdraw at any time she desired provided it had not been unconditionally accepted." The lease in the instant case does provide for a definite length of time. It expressly provides, "Lessee or its nominee shall have sixty days (60) from the receipt of which notice and offer to buy such property."

The legal effect of the giving of notice by lessor to lessee is discussed in 51C C.J.S. Landlord and Tenant § 88(3), p. 270, wherein it is stated:

"Although some courts speak of such clauses as options, a pre-emptive right or first privilege of purchase differs materially from an option to purchase. In the case of an option to purchase,

the lessor has made an irrevocable offer to sell during the time specified, as discussed supra § 81(2), and on exercise by the lessee of the option and compliance with conditions precedent, there is a binding contract of sale and the lessor may not refuse to convey the property as considered supra § 82(1). On the other hand, a pre-emptive right or first privilege to purchase does not give to the lessee the power to compel an unwilling landlord to sell, and it merely requires the landlord, when and if he decides to sell, to offer the property first to the person entitled to the pre-emption, at the stipulated price; on receiving such an offer, the lessee may elect whether he will buy, and if he decides not to buy, then the landlord may sell to anyone. *However, when the lessor sends out notice pursuant to such provision, the two, the provision and the notice, become an option, and a mutual contract arises when, and only when, the offer to sell is accepted by the optionee under the terms of the lease.*" (Emphasis added)

While discussing the distinction between a right of preemption and an option, the court in Weintz v. Bumgarner, 150 Mont. 306, 434 P.2d 712 (1967) said: "Whatever language is used to describe the provision in question, it is clear that the right of the lessee to purchase accrues at such time as the lessor forms a specific intention to sell the property for a definite price on definite terms. At such time as the owner forms such specific intention to sell, the provision in question ripens into a present enforceable contract right of the lessee. (Barling v. Horn, (Mo.1956), 296 S.W.2d 94; Superior Portland Cement v. Pacific Coast Cement Co., 33 Wash.2d 169, 205 P.2d 597.)" In the instant case, at the time lessor notified lessee of the proposed sale to the third party, it is clear that lessor was willing to sell for a definite price and on definite terms. In the brief of appellee we find the following statement: "At the time that Nitschke notified lessee of such offer, he was then willing to sell at the price stated."

In Stone v. Tigner, 165 S.W.2d 124 (Tex.Civ.App., writ ref. 1942) the court was concerned with a very similar provision to the one under consideration. There the lease provided, "In this connection, it is further understood and agreed between the parties that during the term of this lease the Lessors give and grant to the Lessee the first right and option to purchase any or all of the lands and premises so contemplated to be sold by Lessors at the best bona fide price which the Lessors may be offered for the same, and Lessee shall have thirty days after receiving written notice of said offer within which to purchase said lands and premises at said bona fide offered price." The lessor notified lessee of an acceptable bona fide offer by a third party. Lessee notified lessor six days after receiving the notice that he elected to exercise his option to buy the property. The property was conveyed to the third party. In holding that the lessee was entitled to specific performance the court said: "It is undisputed that, under appellee Tigner's lease agreement with George J. Thier, he was given 'the first right and option to purchase any and all of the land' contemplated to be sold by lessor at the best bona fide price which the lessor had been offered therefor. Under the terms of said contract, he had thirty days within which to exercise his option after notice from lessor of his intention to cancel said lease."

While discussing the effect of lessor giving notice to lessee of an acceptable bona fide offer from a third party the court in Imperial Refineries Corporation v. Morrissey, 254 Iowa 934, 119 N.W.2d 872 (1963) said: " 'A provision in a lease giving the lessee the first opportunity to purchase the property for a price the lessor would receive from other parties does not, until the lessor gives notice to the lessee, constitute an "option" as that term is usually understood. This conditional or contingent right is sometimes called a right of "preemption" or of "first refusal." However, when the lessor sends out notice pursuant to such provision, the two, the provision and the notice, become an option.' 51 C.J.S. Land-

lord and Tenant § 80, p. 632; Chournos v. Evona Investment Co., 97 Utah 335, 93 P.2d 450; King v. Dalton Motors, Inc., 260 Minn. 124, 109 N.W.2d 51."

The Supreme Court of Kansas in a recent case, Anderson v. Armour and Company, 205 Kan. 801, 473 P.2d 84 (1970) stated: "Application of what has been said to the provision here in question is clear. It gave the lessees (Andersons) a pre-emptive right of purchase, and, when Armour decided to sell, such right ripened into an enforceable contract right of the Andersons to purchase * * *"

We hold that appellee, lessor, clearly formed an intent to sell the property and determined by written agreement with the third party, Penrod, all of the terms of the sale. Lessor gave notice to lessee as required by the lease, and at that point, the first right of refusal or pre-emptive right of purchase matured into an enforceable option and under paragraph 10 of the lease, lessee had 60 days in which to exercise the option after notice from lessor of the acceptable bona fide offer from Penrod. It is undisputed that appellant exercised his option within the 60 day period.

■ It is also our opinion that the option is supported by consideration. In 51C C.J. S. Landlord and Tenant § 88(2), p. 268, the rule is stated as follows:

"Ordinarily the consideration for the privilege of purchasing is not separate from the consideration for the lease as a whole, and where the lease is sufficiently supported by a consideration the provision for the privilege of purchasing the property is adequately supported."

The Court in Moore v. Kirgan, 250 S.W. 2d 759 (Tex.Civ.App. no writ, 1952) held that a contract leasing restaurant premises for $60.00 a month and giving an option to lessee to purchase was supported by valid consideration and the option could not be revoked or cancelled by the lessor during the term of the lease without consent of the lessee. The court said: "That the consideration of the lease, the agreement to pay rent where the lease and option constitute but one contract the provisions of which are interdependent will support the option." See also: 35 Tex.Jur.2d pp. 524–25; Jamson v. Poulos, 184 Neb. 480, 168 N.W.2d 526 (1969); 136 A.L.R. 143.

■ Appellee additionally contends that appellant's first point of error is insufficient to complain either of the granting of the summary judgment in favor of appellee or the refusal to grant a summary judgment in favor of appellant. The point of error is stated in appellant's brief as follows: "The Trial Court erred in rendering judgment for the Defendant because Plaintiff was entitled to specific performance and damages prayed for as a matter of law." We are of the opinion that both appellant's first and second points of error complain sufficiently of the trial court's action in granting appellee's motion for summary judgment. However, we fail to find in appellant's brief a sufficient point of error complaining of the trial court's action in refusing to grant appellant's motion for summary judgment. Appellant in his brief acknowledges that his first point of error "does not complain or cite as error the failure of the Trial Court to grant Plaintiff's Summary Judgment."

■ When both parties file motions for summary judgment the court in Tobin v. Garcia, 159 Tex. 58, 316 S.W.2d 396 (1958) said: "If the only order in the trial court is one overruling a motion for summary judgment, then that order is interlocutory and no appeal will lie therefrom. But when, as in this case, both parties file motions for summary judgment and one such motion is granted, then the trial court's judgment becomes final and appealable, and on appeal the Court of Civil Appeals should determine all questions presented."

■ In order to challenge the action of the trial court in failing to grant a motion for summary judgment the alleged error must be properly preserved. In Gulf, Colo-

rado & Santa Fe Railway Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492 (1959), both parties moved for summary judgment in the trial court. The appellant contended that its motion for summary judgment should have been sustained. The Court stated that when both parties file motions for summary judgment the appellate court could act upon a denied motion for summary judgment, "if the point has been properly preserved." See also Appellate Procedure in Texas, Judgment of Appellate Court, 18–17(2).

■ We hold that appellant has not properly preserved the error of the trial court in failing to grant his motion for summary judgment and, therefore, the case must be reversed and remanded rather than reversed and rendered.

The judgment of the trial court is reversed and the cause is remanded to the trial court.