

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

April 6, 1977

The Honorable Henry Wade
Criminal District Attorney
Sixth Floor, Records Building
Dallas, Texas 75202

Opinion No. H- 973

Re: Authority to form a
joint airport zoning board
under article 46e-3, V.T.C.S.

Dear Mr. Wade:

You have requested an opinion of this office on the
following question:

> Can the County of Dallas and the City of
> Mesquite, a municipal corporation, form a
> Joint Airport Zoning Board under the
> statutory authority of Article [46e-3]
> Vernon's Texas Civil Statutes where the
> ownership and control of the airport is less
> than absolute?

The statute to which you refer, a part of the Airport
Zoning Act, as amended, reads in pertinent part:

> (1)  In order to prevent the creation or
> establishment of airport hazards, every
> political subdivision having an airport
> hazard within its territorial limits may
> adopt, administer, and enforce . . . airport
> zoning regulations for such airport hazard
> area . . . .

> (2)  Where an airport is <u>owned or controlled</u>
> by a political subdivision . . . and any
> airport hazard area appertaining to such
> airport is located outside the territorial
> limits of said political subdivision, the
> political subdivision owning or controlling
> the airport . . . and the political sub-
> division within which the airport hazard
> area is located may create . . . a joint
> airport zoning board, which board shall have
> the same power . . . .

You advise that the City of Mesquite presently zones the area surrounding a private airport located within its city limits, but the approach for the airport also creates an airport hazard area located in the unincorporated territory of Dallas County.  The City has entered a written agreement with the airport owner giving the City a preemptive "right of first refusal," i.e. the privilege of purchasing the facility at the price (deemed acceptable by the owner) actually offered to the owner by a bona fide purchaser.  The airport is neither "owned or controlled" by the City of Mesquite nor the County of Dallas otherwise.

A preemptive right of first refusal is not an option but may ripen into an option, which in turn may ripen into a contract of purchase and sale.  Sinclair Refining Co. v. Allbritton, 218 S.W.2d 185 (Tex. 1949); Henderson v. Nitschke, 470 S.W.2d 410 (Tex. Civ. App. -- Eastland 1971, writ ref'd n.r.e.).  It gives the holder of the right no power to compel an unwilling owner to sell.  Owens v. Upper Neches River Municipal Water Authority, 514 S.W.2d 58 (Tex. Civ. App. -- Tyler 1974, writ ref'd n.r.e.).  See also Draper v. Gochman, 400 S.W.2d 545 (Tex. 1966).  Even the holder of an unconditional option possesses only an executory contractual right that passes no title.  Roberts v. Armstrong, 231 S.W. 371 (Tex. Comm'n App. 1921, jdgmt. adopted).  See also Click v. Seale, 519 S.W.2d 913 (Tex. Civ. App. -- Austin 1975, writ ref'd n.r.e.).

The facts supplied us indicate that neither the County of Dallas nor the City of Mesquite "owns" the airport within the meaning of the statute.  Neither do we believe the airport is "controlled" by either municipal corporation within the meaning of the statute.  The term "control" generally connotes the power and right to manage the facility.  See State v. Camper, 261 S.W.2d 465 (Tex. Civ. App. -- Dallas 1953, writ ref'd).  See also Anderson v. Stockdale, 62 Tex. 54, 61 (1884); Robertson v. State, 159 S.W. 713 (Tex. Crim. App. 1913).  While some measure of control may be said to exist by reason of the statutory power conferred by article 46e-3, to zone for "airport hazards," the power extends only to trees, structures, or land use which interfere with the safe use of the airport, and it gives the city or the county no power to regulate the operation of the private airport itself.  Cf. Atkinson v. City of Dallas, 353 S.W.2d 275 (Tex. Civ. App. -- Dallas 1961, writ ref'd n.r.e.), cert. denied, 370 U.S. 939 (1962).  The agency charged with general regulatory authority over private airports in Texas is the Texas Aeronautics Commission.  V.T.C.S. art. 46c-6.  See

City of Dallas v. Southwest Airlines Co., 494 F.2d 773 (5th Cir. 1974).

We answer, therefore, that under the facts given us the County of Dallas and the City of Mesquite do not have authority under article 46e-3 to form a Joint Airport Zoning Authority with respect to an airport not owned or controlled by either of them. Cf. Attorney General Opinion M-1278 (1972). We do not address any question relating to any power that the political subdivisions may exercise independently under the first provision of the statute.

### S U M M A R Y

The County of Dallas and the City of Mesquite do not have authority under article 46e-3, V.T.C.S., to form a Joint Airport Zoning Authority with respect to an airport not owned or controlled by either of them.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb