COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




SABINO ALMANCE,


 Appellant,


v.



SHIPLEY BROTHERS, INC,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-06-00116-CV



Appeal from the


394th Judicial District Court


of Presidio County, Texas 


(TC# 6772) 



O P I N I O N


 Sabino Almance appeals the trial court's granting of summary judgment in favor of
Shipley Brothers, Inc. Mr. Almance and Shipley Brothers, Inc. dispute which party holds a
superior right to possession of a manufactured home. The trial court granted summary judgment
in favor of Shipley Brothers, Inc., awarding the home to Shipley Brothers and finding that
Mr. Almance did not hold a possessory lien on the home. Mr. Almance raises two issues on
appeal: (1) whether there is an issue of fact precluding summary judgment on Shipley Brothers'
conversion claim; and (2) whether the trial court erred by striking Mr. Almance's counterclaim
for a possessory lien. We reverse and remand in part and affirm in part.

 Sabino Almance is a land owner in Presidio County, Texas. In April of 2000, he made a
verbal lease agreement with the Olivo family in which the Olivos would pay Mr. Almance $100
per month, to rent the property, upon which they parked a newly purchased manufactured home. 
The Olivos lived there for a little over two years. In August 2002, the Olivos abandoned the
home.

 The following month, Mr. Almance learned that Conseco Finance held a lien on the
manufactured home. Mr. Almance alleges that he advised Conseco Finance, in writing, by
certified mail, return receipt requested, that the manufactured home was on his property and that
he was owed unpaid rent. As evidence of this letter, Mr. Almance produced a copy of a PS Form
3811, Domestic Return Receipt, addressed to Conseco Finance and signed by a J. Trujillo. He
did not produce or submit a copy of the actual letter.

 Shipley Brothers, Inc., ("Shipley") alleges that it purchased the manufactured home from
Conseco Finance on or about May 30, 2003. Shipley made demands to Mr. Almance to release
the manufactured home to it, while Mr. Almance sought past unpaid rental fees from Shipley. 
The parties were unable to reach an agreement concerning ownership and right to possession of
the manufactured home and, in April of 2004, Shipley filed suit against Mr. Almance alleging
that Mr. Almance had unlawfully converted the home.

 In May of 2004, Shipley filed a motion for summary judgment on its conversion claim. 
In support of its motion, Shipley attached the affidavit of Kenny Shipley, a Manufactured Home
Document of Title showing that Conseco Finance had released its lien on the home, and a
demand letter from Shipley's attorney to Mr. Almance's attorney, demanding that Mr. Almance
release the home. Shipley later filed a supplemental affidavit of Kenny Shipley and additional
documents reflecting Conseco Finance's release of lien, none of which reflect Shipley as the
owner or rightful possessor of the manufactured home.

 Mr. Almance filed a response to Shipley's Motion for Summary Judgment denying that
he had unlawfully converted the home and asserting that he held a possessory lien on the home
that granted him a superior right to possession over either Shipley or Conseco Finance. In his
response, he argues that Shipley cannot show that it owns or has a right to possession of the
manufactured home, and therefore, it cannot satisfy the elements of the tort of conversion. He
attached, among other things, the results of a title search conducted in May of 2004 on the
manufactured home in dispute. Those results show the owner of the home to be John R. Olivo
and Anabel R. Olivo and the lienholder to be Conseco Finance. Shipley does not appear
anywhere in the title search results.

 The trial court entered a final judgment (1) holding that Mr. Almance had no lien claim and
awarding Shipley possession of the manufactured home. Mr. Almance appealed. 

Standard of Review


 We review a summary judgment de novo. Valence Operating Co. v. Dorsett, 164 S.W.3d
656, 661 (Tex. 2005). To prevail on a summary judgment motion, the movant must demonstrate
that there are no genuine issues of material fact and that it is entitled to judgment as a matter of
law. See Tex.R.Civ.P. 166a(c); American Tobacco Co., Inc. v. Grinnell, 951 S.W.2d 420, 425
(Tex. 1997). Once the movant has established a right to summary judgment, the nonmovant has
the burden to respond to the motion for summary judgment and present to the trial court any
issues that would preclude summary judgment. City of Houston v. Clear Creek Basin Authority,
589 S.W.2d 671, 678 (Tex. 1979). In reviewing the grant of a summary judgment, all evidence
favorable to the nonmovant must be taken as true and all reasonable inferences, including any
doubts, must be resolved in the nonmovant's favor. Nixon v. Mr. Property Management Co.,
Inc., 690 S.W.2d 546, 548-49 (Tex. 1985); DeLuna v. Guynes Printing Co. of Texas, Inc., 884
S.W.2d 206, 208 (Tex.App.--El Paso 1994, writ denied). The question on appeal is not whether
the summary judgment proof raises fact issues as to required elements of the movant's claim, but
whether the summary judgment proof establishes there is no genuine issue of material fact as a
matter of law as to one or more elements of the movant's claim. Gibbs v. General Motors Corp.,
450 S.W.2d 827, 828 (Tex. 1970); Duran v. Furr's Supermarkets, Inc., 921 S.W.2d 778, 784
(Tex.App.--El Paso 1996, writ denied).

 Shipley contends that Mr. Almance unlawfully converted its manufactured home.
Conversion is the unauthorized and unlawful exercise of dominion and control over another's
personal property which is to the exclusion of, or inconsistent with, the owner's rights. Waisath
v. Lack's Stores, Inc., 474 S.W.2d 444, 446 (Tex. 1971); Whitaker v. Bank of El Paso, 850
S.W.2d 757, 760 (Tex.App.--El Paso 1993, no writ). In order to prevail on a conversion claim, a
party must allege and prove either that he is the owner of the property in question, that he had
legal possession of the property, or that he is entitled to possession of the property. Whitaker,
850 S.W.2d at 760; Lone Star Beer Inc. v. First National Bank of Odessa, 468 S.W.2d 930, 934
(Tex.Civ.App.--El Paso 1971, writ ref'd n.r.e.). Because Shipley filed for summary judgment on
its own claims, it bears the burden of producing competent summary judgment evidence to
conclusively prove each element of its claim as a matter of law. MMP, LTD. v. Jones, 710
S.W.2d 59, 60 (Tex. 1986).

 In support of its motion for summary judgment, Shipley filed an "Affidavit in Support of
Motion for Summary Judgment for Sworn Account (Tex.R.Civ.P. 185) and for Admission
Business Records (Tex.R.Civ.Evid. 902[10])." Attached to the affidavit is a title document
reflecting a lien release by Conseco Finance and listing the owner of the manufactured home as
John R. and Anabel R. Olivo. Shipley also filed a supplemental affidavit, again asserting
ownership of the manufactured home and to which it attaches additional documents from the
Texas Department of Housing and Community Affairs that show a release of lien. Nowhere do
any of the title documents upon which Shipley is relying reference Shipley as an owner,
lienholder, or creditor of any kind.

 In its first affidavit, Shipley asserts that it is the "owner and holder of the title document
and is entitled to possession of this manufactured home." We find this statement to be no more
than a legal conclusion which "is insufficient to support summary judgment as a matter of law."
Anderson v. Snider, 808 S.W.2d 54, 55 (Tex. 1991), citing Mercer v. Daoran Corp., 676 S.W.2d
580, 583 (Tex. 1984); Hidalgo v. Surety Savings & Loan Ass'n, 487 S.W.2d 702, 703 (Tex. 
1972)(per curiam). Shipley's supplemental affidavit avers no additional facts that would cure the
initial, defective affidavit. Accordingly, neither of Kenny Shipley's affidavits supports Shipley's
claim of conversion.

 To prevail on a claim of conversion, a party must first prove either ownership, possession,
or right to possession. Whitaker, 850 S.W.2d at 760. Shipley did not provide any competent
summary judgment evidence that would demonstrate that it owned, possessed, or was entitled to
possess the disputed property. We find, therefore, that Shipley was not entitled to summary
judgment on its conversion claim. Issue One is sustained. 

 In his second issue, Mr. Almance alleges that the trial court erred by striking his
counterclaim for a possessory lien under Section 347.402 of the Texas Finance Code. A
defendant bringing a counterclaim in a summary judgment proceeding has the burden of proving
all essential elements of that claim. Texas Commerce Bank - Rio Grande Valley, N.A. v. Correa,
28 S.W.3d 723, 726 (Tex.App.--Corpus Christi 2000, pet. denied).

 The possessory lien provision upon which Mr. Almance relies states:

 (a) The owner of the real property on which a manufactured home is or has
been located and for which rental charges have not been paid has a
possessory lien that is not subject to Section 347.401 to secure rental
charges described by Subsection (b) if:


 (1) the creditor described by Section 347.401 repossesses the
manufactured home when the charges have not been paid; and

 

 (2) the owner of the real property has mailed to the creditor by
certified mail, return receipt requested, written notice of the unpaid
charges.


Tex.Fin.Code Ann. § 347.402(a)(Vernon 2006).

 It is undisputed that Mr. Almance is the real property owner and that the manufactured
home was abandoned on his property. There is no evidence in the record, however, indicating
that the home was ever repossessed. Nor is there evidence that Mr. Almance complied with the
notice requirement in Section 347.402(a)(2). As evidence of compliance with this requirement,
Mr. Almance submitted a copy of a PS Form 3811, Domestic Return Receipt addressed to
Conseco Finance and date-stamped September 11. The record does not contain, however, any
copy of the alleged correspondence which would have satisfied Section 347.402(a)(2). 
Consequently, Mr. Almance failed to establish compliance with Section 342.402 of the Texas
Finance Code. Because we find that Mr. Almance was not able to meet his burden to
demonstrate entitlement to a possessory lien on the disputed manufactured home, we affirm the
trial court on this issue. Issue Two is overruled.

 We reverse the judgment of the trial court as it relates to the conversion claim and remand
for further proceedings and affirm the trial court's judgment denying Mr. Almance's claim for a
possessory lien.




May 24, 2007

 DAVID WELLINGTON CHEW, Chief Justice


Before Chew, C.J., McClure, and Carr, JJ.
1. The trial court entered an interlocutory final judgment awarding possession of the
manufactured home to Shipley and finding that Mr. Almance held no lien claim on the home. 
The judgment stated that a trial would be held solely on the issues of attorney's fees and
conversion damages. Mr. Almance filed a motion for summary judgment requesting the trial
court deny Shipley's request for attorney's fees and exemplary damages. The court entered an
order partially granting Mr. Almance's motion, finding that Shipley was not entitled to attorney's
fees but was entitled to exemplary damages. Eventually, Shipley voluntarily dismissed its
request for exemplary damages. There are no damages issues on appeal.