**Opinion filed October 22, 2020**



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00248-CV

_____

## ROBERT PERRY HUNSAKER AND JEANIE NELL HUNSAKER, Appellants

## V.

## SHERRY RICHARDSON, Appellee

**On Appeal from the 29th District Court**
**Palo Pinto County, Texas**
**Trial Court Cause No. C48479**

### O P I N I O N

Appellee, Sherry Richardson, sued Appellants, Robert Perry Hunsaker and Jeanie Nell Hunsaker, for conversion of a dachshund. The trial court granted summary judgment in favor of Richardson and ordered that Richardson was entitled to possession of the dog.

In two issues, the Hunsakers assert that the trial court's grant of summary judgment was improper because they have a superior right to title or possession of the dog and because there are genuine issues of material fact about whether the dog in their possession is the same dog that Richardson owned and as to whether their affirmative defenses of superior title or right to possession, abandonment, and estoppel preclude any recovery by Richardson. Because there is a genuine issue of material fact about whether the dachshund in the Hunsakers' possession is the same dachshund that Richardson owned, we reverse the trial court's grant of summary judgment in favor of Richardson and remand this case for further proceedings.

## *Background*[1]

In July 2007, Richardson's grandmother gave a 6- to 8-week-old dachshund puppy to Richardson's son as a birthday present. Richardson's family named the puppy "Sally." Richardson did not put a collar on Sally.

Sally lived indoors but went outside to use the bathroom and to play. In April 2018, Sally wandered away from Richardson's house and was found by Buddy Stewart. Richardson retrieved Sally within one day. After April 10, 2018, Sally was in Richardson's possession or on Richardson's property. Richardson was not aware of any time between April 10, 2018, and May 5, 2018, that Sally was outside unsupervised.

Between April 10, 2018, and May 5, 2018, Richardson's neighbors, Jeye and Justin Johnson and Garrett Matthews, saw a dachshund on their properties on more than one occasion. The dachshund was not wearing a collar or any other kind of identification.

---

[1]The following facts are taken from the live pleadings and the evidence filed in support of Richardson's motion for summary judgment and of the Hunsakers' response to Richardson's motion for summary judgment.

2

On May 5, 2018, Richardson let Sally out of the house at approximately 4:00 or 4:15 p.m. After Richardson attended to a cow that was calving, she went to a birthday party for her youngest niece. Richardson returned home between 5:45 and 6:15 p.m. and could not find Sally.

On the same day, Matthews had a birthday party for his son. Melanie Tatum attended the party. At approximately 5:30 p.m., the same dachshund that the Johnsons and Matthews had previously seen on their properties came out of a wooded area. Tatum asked if anyone owned the dog or knew who owned the dog. Tatum received no information that the dachshund had an owner and took the dog with her when she left the birthday party.

The following day, Tatum took the dachshund to Dusty Puddles Dachshund Rescue (DPDR) in Lubbock. DPDR named the dachshund "Teensie" and noted that she was between six and eight years old and was "very skinny." At DPDR's request, the Cooper Veterinary Clinic performed a "comprehensive profile" on Teensie, gave her a rabies vaccination, implanted a microchip into her, trimmed her nails, gave her fluid, performed a dental and pre-surgical exam, spayed her, and noted that she had an iron deficiency and was anemic. Teensie's records from Cooper indicated that Teensie was seven years old and weighed 6.5 pounds. DPDR put Teensie up for adoption.

Jeanie Hunsaker saw DPDR's post about Teensie and completed an application to adopt Teensie. DPDR approved the Hunsakers application, and the Hunsakers adopted Teensie on May 16, 2018. The Hunsakers renamed Teensie "Lexi Lou."

According to the Hunsakers, Lexi Lou had "numerous scars from her mouth to her hind foot." The Hunsakers thought that, because of the scars, Lexi Lou would be easy to identify if someone were looking for her. The Hunsakers searched online

posts for lost pets in the "Stephenville/Weatherford area" but did not find a post that indicated that someone had lost Lexi Lou.

In July 2019, Richardson learned that the Hunsakers had adopted a dog that Richardson believed was Sally. Richardson and her husband made multiple telephone calls and texts to the Hunsakers in which they demanded that the Hunsakers give Lexi Lou to the Richardsons. Richardson also shared the Hunsakers telephone number with her friends and encouraged them to contact the Hunsakers and tell them that Lexi Lou belonged to Richardson.

Richardson sued the Hunsakers[2] and requested a declaratory judgment that Richardson owned the dachshund in the Hunsakers' possession, asserted a claim for conversion against the Hunsakers, and sought a permanent injunction that required the Hunsakers to deliver the dachshund to Richardson. The Hunsakers answered and asserted affirmative defenses that they had superior title because Richardson had abandoned Lexi Lou, that they were good faith purchasers, and that Richardson was estopped from claiming an ownership interest in Lexi Lou. The Hunsakers also asserted claims against Richardson for assault, invasion of privacy, and intentional infliction of emotional distress and requested reimbursement for the reasonable expenses that they had incurred to care for Lexi Lou if they were required to forfeit Lexi Lou to Richardson.

Richardson filed a traditional motion for summary judgment on her request for declaratory relief and her claim for conversion. Richardson asserted that she was entitled to summary judgment because the evidence conclusively established that she owned Sally, that she did not abandon Sally, and that the Hunsakers had acquired no title to Sally.

---

[2]Richardson also sued Tatum but nonsuited her claims against Tatum approximately three months after suit was filed.

The Hunsakers filed a traditional motion for partial summary judgment on Richardson's request for declaratory relief, claim for conversion, and request for injunctive relief. The Hunsakers specifically argued that Richardson's request for declaratory relief was not a viable cause of action because Richardson sought the same relief on her conversion claim and that they had affirmative defenses that defeated Richardson's conversion claim. The Hunsakers also argued that Richardson was not entitled to a permanent injunction because she had admitted that the Hunsakers did not commit a wrongful act.

In their response to Richardson's motion for summary judgment, the Hunsakers asserted that Richardson was not entitled to summary judgment because there was a genuine issue of material fact as to whether Lexi Lou ever belonged to Richardson and, if so, whether Richardson had lost title to Lexi Lou or should be estopped from asserting ownership of Lexi Lou.

At the hearing on her motion for summary judgment, Richardson complained that the Hunsakers "never said that it's not the same dog until the discovery deadline had passed." The Hunsakers responded that Richardson's counsel had admitted that there was a fact issue over the identity of the dog and that Richardson had not met her summary judgment burden to prove the identity of the dog.

The trial court asked whether it had been "assumed, until recently, that this dog is the same?" The Hunsakers responded that they had never assumed that it was the same dog, that they had never been asked in discovery if it was the same dog, and that there was no evidence that it was the same dog. The Hunsakers pointed out that the summary judgment evidence established that Lexi Lou was six to eight years old and badly scarred while Sally was eleven years old without significant scarring.

The trial court stated:

[I]t's disturbing to me that we have engaged in this litigation for all of this time, assuming -- in my judgment, assuming that this dog is the

same, and now all of a sudden, we've got this fact issue about whether it's the right dog or not. Y'all are wasting my time on that issue. This should have been resolved a long, long time ago.

The trial court ordered that the Hunsakers were required to produce Lexi Lou for inspection by Richardson; that Richardson would be allowed to supplement her summary judgment evidence "with unequivocal affidavit testimony that that dog is, in fact, Sally"; and that the Hunsakers would be allowed to respond to Richardson's supplemental summary judgment evidence.

Richardson subsequently filed her declaration and the declarations of twelve other individuals who had inspected Lexi Lou. All thirteen witnesses stated that Lexi Lou was "definitely" or "positively" Sally. The Hunsakers did not file any additional summary judgment evidence.

The trial court granted Richardson's motion for summary judgment on her conversion claim. Richardson nonsuited her request for declaratory relief, and the Hunsakers and Tatum nonsuited their counterclaims against Richardson. The trial court entered a final judgment in which it granted summary judgment in favor of Richardson on her conversion claim; granted Richardson's request for the return of the dog as her remedy; denied the Hunsakers' motion for summary judgment on Richardson's conversion claim; stated that, because Richardson had withdrawn her request for declaratory relief, it had not ruled on either Richardson's or the Hunsakers' motions for summary judgment on Richardson's request for declaratory relief; and denied an award of attorney's fees to either party.

*Analysis*

In their first issue, the Hunsakers initially assert that the trial court erred when it granted summary judgment in favor of Richardson because there was conflicting evidence as to whether Lexi Lou and Sally are the same dog. In the remainder of their first issue and in their second issue, the Hunsakers argue that, even if Lexi Lou

and Sally are the same dog, summary judgment was improper because they have a superior title or right of possession or, alternatively, there is a genuine issue of material fact about whether they have superior title or right of possession, whether Richardson abandoned the dog, and whether Richardson should be estopped from asserting title to the dog.

We review the trial court's grant of a summary judgment de novo. *Trial v. Dragon*, 593 S.W.3d 313, 316 (Tex. 2019). A party who moves for a traditional summary judgment bears the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *KMS Retail Rowlett, LP v. City of Rowlett*, 593 S.W.3d 175, 181 (Tex. 2019). In our review of a trial court's grant of summary judgment, "we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Hillis v. McCall*, 602 S.W.3d 436, 440 (Tex. 2020), *petition for cert. filed*, (U.S. Sept. 29, 2020) (No. 20-5839) (quoting *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005)). The evidence raises a genuine issue of fact if "reasonable and fair-minded jurors could differ in their conclusions in light of all of the evidence presented." *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam).

Generally, when the trial court grants one motion for summary judgment and denies the other, we review all the summary judgment evidence and determine all questions presented. *KMS Retail Rowlett*, 593 S.W.3d at 181. However, the Hunsakers have not argued on appeal that the trial court erred when it denied their traditional motion for summary judgment on Richardson's conversion claim and have requested only that we reverse the summary judgment in Richardson's favor and remand the case for trial. Therefore, we focus only on Richardson's successful motion. *See Henderson v. Nitschke*, 470 S.W.2d 410, 414–15 (Tex. App.—Eastland

7

1971, writ ref'd n.r.e.) (citing *Gulf, Colo. & Santa Fe Ry. Co. v. McBride*, 322 S.W.2d 492, 496 (Tex. 1958)); *see also City of Mansfield v. Savering*, No. 02-19-00174-CV, 2020 WL 4006674, at *6 (Tex. App.—Fort Worth July 16, 2020, no pet. h.) (mem. op.); Judge David Hittner & Lynne Liberato, *Summary Judgments in Texas: State and Federal Practice*, 60 S. TEX. L. REV. 1, 116 (2019) ("If the appellant complains only that the trial court erred in granting the other side's motion for summary judgment and fails to complain that the court denied its own motions, it fails to preserve error on this issue and, if the appellate court reverses, it cannot render but can only remand the entire case.").

To establish a claim for conversion of personal property, a plaintiff must prove (1) that the plaintiff owned, had possession of, or was entitled to possession of the property; (2) that the defendant, unlawfully and without authorization, assumed and exercised dominion and control over property to the exclusion of, or inconsistent with, the plaintiff's rights as an owner; (3) that the plaintiff demanded return of the property; and (4) that the defendant refused to return the property. *Lawyers Title Co. v. J.G. Cooper Dev., Inc.*, 424 S.W.3d 713, 718 (Tex. App.—Dallas 2014, pet. denied); *see also Waisath v. Lack's Stores, Inc.*, 474 S.W.2d 444, 447 (Tex. 1971); *RHI Tech Servs., LLC v. Owens*, No. 11-17-00234-CV, 2019 WL 3955879, at *2 (Tex. App.—Eastland Aug. 22, 2019, no pet.) (mem. op.). Therefore, to be entitled to summary judgment on her conversion claim, Richardson was required to conclusively establish that she owned or had a right to possession of Lexi Lou. *See Lawyers Title*, 424 S.W.3d at 718.

Richardson attempted to satisfy this burden through her declaration and the declarations of twelve other individuals that they had examined Lexi Lou and were positive that Lexi Lou was Sally. However, there was summary judgment evidence that, in 2018, Sally was an eleven-year-old dachshund with minimal scarring who was "well-fed" and not "very skinny," while Lexi Lou was between six and eight

years old, had numerous scars from her mouth to her hind foot, and was "very skinny."

Further, according to Richardson, Sally was an "indoor dog" who was let outside to use the bathroom and to play. In April 2018, Sally wandered away from Richardson's house, and Stewart found Sally. Richardson retrieved Sally from Stewart within one day. Between April 10, 2018, and May 5, 2018, Sally was either in Richardson's possession or on Richardson's property. Richardson was not aware of any instance between April 10, 2018, and May 5, 2018, when Sally was outside unsupervised.

However, multiple times between April 10, 2018, and May 5, 2018, the Johnsons and Matthews saw a dachshund on their properties. Tatum saw that same dog come out of a wooded area on May 5, 2018. Tatum took that dachshund to DPDR. Because the dachshund that Tatum took to DPDR was seen on the Johnsons' and Matthews's properties during the time that Sally was in Richardson's possession or on Richardson's property, there is at least an inference that the dachshund taken by Tatum to DPDR was not Sally.

Viewed in the light most favorable to the Hunsakers, the summary judgment evidence does not conclusively prove that Richardson owned or was entitled to possession of Lexi Lou. As a result, Richardson failed to establish that she was entitled to judgment as a matter of law on her conversion claim. *See Almance v. Shipley Bros., Inc.*, 247 S.W.3d 252, 255 (Tex. App.—El Paso 2007, no pet.) (holding that the movant was not entitled to summary judgment on its conversion claim because it failed to conclusively prove ownership, possession, or right to possession of property); *see also Encore Int'l Invest. Funds, LLC v. 2608 Inwood, Ltd.*, No. 05-19-00070-CV, 2020 WL 1685420, at \*1 (Tex. App.—Dallas Apr. 7, 2020, no pet.) (mem. op.) (reversing summary judgment because the evidence did not conclusively establish the movant's right to possession of the property). We

sustain the Hunsakers' first issue to the extent that they contend that there is a genuine issue of material fact as to whether Lexi Lou and Sally are the same dog.[3]

*This Court's Ruling*

We reverse the trial court's summary judgment in favor of Richardson and remand this cause to the trial court for further proceedings.


JIM R. WRIGHT

SENIOR CHIEF JUSTICE


October 22, 2020

Panel consists of: Bailey, C.J.,
Wright, S.C.J.,[4] and Judge Trotter.[5]

Stretcher, J., and Willson, J., not participating.

---

[3]Because we have determined that there is a genuine issue of material fact as to whether Lexi Lou and Sally are the same dog, we need not address either the remainder of the Hunsakers' first issue or their second issue. *See* TEX. R. APP. P. 47.1.

[4]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.

[5]The Honorable W. Stacy Trotter, 358th District Court, Ector County, Texas, sitting by assignment.